**TOLEDO, BOWLING GREEN & SOUTHERN TRAC CO v WOOD CO MUTUAL FIRE INS CO**

Ohio Appeals, 6th Dist, Wood Co

No. 458. Decided November 12, 1929

Messrs. E. V. Pope and E. P. Riegle, Bowling Green, for Traction Company.

Messrs. S. W. Bowman and Edward M. Fries, Bowling Green, for Fire Ins Co.

dicial error in this respect. But, if proper exceptions had been saved, the admissibility of exhibit "L", because of the signed report of the committee of the insurance company as to the origin of the fire might be most seriously questioned and be considered as prejudicial error. The record shows that when the exhibits were first offered the court said "All the exhibits may be offered", to which attorneys for the interurban company replied "Save exceptions". Later the court said: "Exhibits from A to     are admitted" and again attorneys for the interurban company said "Save exceptions". Other than this no objection was made or exception taken to the admission of these exhibits in evidence. As will be observed, there were a number of exhibits offered at the trial by defendants in error, all of which, except "B" and "L", were properly received, and to none of which objection was made, and since some of the exhibits so offered and received in evidence were properly admissible, a general and all-inclusive exception such as was taken in this instance could not avail as a basis for error in receiving in evidence the two exhibits in question.

The evidence was in conflict as to the origin of the fire, several witnesses for each of the parties having testified with respect thereto, and the verdict and judgment can not be disturbed as being against the weight of the evidence.

We observe that the record discloses that the insurance company paid Meeker the amount of the insurance on May 26, 1928, and computing the interest on the amount claimed in the petition from that date to April 8, 1929, the amount is less than the sum awarded the insurance company by the verdict, and we think this to be true also of the verdict and judgment in favor of Meeker.

These judgments should therefore be modified in this respect and as modified will be affirmed.

Williams and Richards, JJ., concur.

**LLOYD, J.**

Although not the proper way to prove the property claimed to have been destroyed, we do not think the admission of these exhibits for that purpose was prejudicial error, especially in view of the fact that counsel made no objection thereto on that ground, either at the trial or in argument or brief. The only objection made by counsel to these exhibits was that thereby the appraisers' valuation of the property was improperly presented as evidence to the jury; nor, since no evidence was offered by the interurban company as to the value of the property, and other witnesses testified with respect thereto, was their admission preju-